Kellie Lerner

**ROBINS KAPLAN LLP**

1325 Avenue of the Americas, Suite 2601

New York, NY 10019

Telephone: (212) 980-7400

klerner@robinskaplan.com

*Attorney for Plaintiff Mirlinda Elmazi*

Kimberly A. Justice

**FREED KANNER LONDON & MILLEN LLC**

923 Fayette Street

Conshohocken, PA 19428

Tel: (610) 234-6487

kjustice@fklmlaw.com

*Attorney for Plaintiff Yvonne Peychal*

[Additional Attorneys Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRLINDA ELMAZI, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DSM-FIRMENICH AG, FIRMENICH INTERNATIONAL SA, FIRMENICH INC., AGILEX FLAVORS & FRAGRANCES, INC., GIVAUDAN SA, GIVAUDAN FRAGRANCES CORP., GIVAUDAN FLAVORS CORP., UNGERER & COMPANY, INC., CUSTOM ESSENCE INC., INTERNATIONAL FLAVORS & FRAGRANCES INC., SYMRISE AG, SYMRISE INC., AND SYMRISE US LLC,<br><br>*Defendants.* | CIVIL ACTION NO: 23-CV-16127<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED.R.CIV.P. 42(A) AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)** |
| YVONNE PEYCHAL, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DSM-FIRMENICH AG, FIRMENICH INTERNATIONAL SA, FIRMENICH INC., AGILEX FLAVORS & FRAGRANCES, INC., GIVAUDAN SA, GIVAUDAN FRAGRANCES CORP., GIVAUDAN FLAVORS CORP., UNGERER & COMPANY, INC., CUSTOM ESSENCE INC., INTERNATIONAL FLAVORS & FRAGRANCES INC., SYMRISE AG, SYMRISE INC., AND SYMRISE US LLC,<br><br>*Defendants.* | CIVIL ACTION NO: 23-CV-16242<br><br>Related Action |

## TABLE OF CONTENTS

**Page**

I.      FACTUAL AND PROCEDURAL BACKGROUND........................................................ 1

II.    ARGUMENT ............................................................................................................... 2

      A.    The Actions Should Be Consolidated For All Purposes ........................................ 2

      B.    Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative End-User Plaintiffs Class. .............. 3

      C.    Proposed Interim Co-Lead Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Class.................................. 4

            1.    Proposed Interim Co-Lead Class Counsel Have Devoted Significant Time and Resources to Identifying and Investigating the Claims. ............................................................................................... 5

            2.    The Proposed Interim Co-Lead Class Counsel Have Extensive Complex Class Action Experience. ....................................................... 5

                  a)    Ms. Lerner of Robins Kaplan ........................................... 5

                  b)    Ms. Justice of Freed Kanner ............................................ 8

      D.    A Two-Firm Structure is Beneficial for Plaintiffs and Putative Class Members. ........................................................................................................... 10

      E.    Interim Liaison Counsel: Michael Fitzgerald (The Law Offices of Michael D. Fitzgerald) ................................................................................... 11

      F.    Counsel for Commercial Indirect Purchasers Support A Separate Leadership Structure for End User Plaintiffs....................................................... 11

III.   CONCLUSION......................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Abbott Labs Norvir Antitrust Litigation,*
No. 04-cv-1511 (N.D. Cal.) ........................................................................................8

*ACR Energy Partners, LLC v. Polo North Country Club, Inc.,*
309 F.R.D. 193 (D. N.J. Aug. 21, 2015) ..................................................................2

*In re Automotive Parts Antitrust Litig.,*
No. 12-md-02311 (E.D. Mich.) ................................................................................7

*In re Automotive Parts Antitrust Litigation,*
MDL No. 2311 (E.D. Mich.) ...............................................................................6, 7

*BCBSM, Inc. v. Vyera Pharmaceuticals, LLC et al.,*
1:21-cv-01884 (S.D.N.Y.) ....................................................................................7, 8

*In re Cathode Ray Tube (CRT) Antitrust Litigation,*
MDL No. 1917 (N.D. Cal.) .....................................................................................6

*In re Cendant Corp. Litig.,*
182 F.R.D. 476 (D. N.J. Nov. 4, 1998) ...................................................................2

*County of Monmouth, New Jersey v. Florida Cancer Specialists PL et al.,*
18-cv-00201 (M.D. Fla.) ...................................................................................8, 11

*In re Daily Fantasy Sports Marketing and Sales Practices Litig.,*
158 F.Supp. 3d 1375 (J.M.P.L. 2016) ....................................................................2

*In re Disposable Contact Lens Antitrust Litig.,*
15-md-02626 (M.D. Fla.) ........................................................................................6

*In re Farm-Raised Salmon & Salmon Products Litigation,*
No. 19-cv-21551 (S.D. Fla.) ....................................................................................9

*In re Fragrance Indirect Purchaser Antitrust Litig.,*
No. 23-3249 (WJM) (JSA) ....................................................................................12

*In re German Automotive Manufacturers Antitrust Litigation,*
No. 17-md-02796 (N.D. Cal.) .................................................................................9

*Hailey v. City of Camden,*
   631 F.Supp. 2d 528 (D. NJ. Apr. 29, 2009) ........................................................................2

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.,*
   22-cv-2798 (N.D. Cal.) ...........................................................................................................7

*In re Interior Molded Doors Indirect Purchaser Antitrust Litigation,*
   18-cv-00850 (E.D. Va.) ..........................................................................................................7

*In re Lipitor Antitrust Litig.,*
   3:12-cv-02389 (D.N.J.) .........................................................................................................10

*In re Liquid Aluminum Sulfate Antitrust Litigation,*
   No. 16-md-02687 (D.N.J.) ......................................................................................................9

*In re Local TV Advertising Antitrust Litigation,*
   No. 18-cv-06785 (N.D. Ill. Jan. 23, 2019) ............................................................................9

*In re Merck Mumps Vaccine Antitrust Litigation,*
   No. 12-cv-03555 (E.D. Pa.) ....................................................................................................8

*In re Metformin Marketing and Sales Practices Litig.,*
   No. 20-2324 (MCA) (MAH), 2020 WL 9397553 (D. N.J. Sept. 30, 2020) .........................2

*In re Monitronics Intern., Telephone Consumer Protection Act Litig.,*
   988 F.Supp. 2d 1364 (J.P.M.L. 2013) .................................................................................2, 3

*In re Packaged Seafood Products Antitrust Litig.,*
   148 F.Supp.3d 1375 (J.P.M.L. 2015) .....................................................................................2

*In re: Packaged Seafood Products Antitrust Litigation,*
   No. 15-md-02670-DDMS-MSB, ECF No. 119 (S.D. Cal. Mar. 24, 2016) ..........................12

*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.,*
   MDL No. 1720 (E.D.N.Y.) ......................................................................................................6

*In re Peanut Farmers Antitrust Litigation,*
   No. 2:19cv463-HCM-LRL (E.D. Va.) .....................................................................................9

*In re: Pork Antitrust Litigation,*
   No. 18-CV-1776, ECF Nos. 149, 150, 151 (D. Minn. Oct. 15, 2018) ................................12

*In re Royal Dutch/Shell Transport Securities Litig.,*
   No. 04-374 (JAP), 2008 WL 1787032 (D. N.J. Apr. 17, 2008) ...........................................11

*Salem Steel North America, LLC v. Shanghai Shangshang Stainless Steel Pipe Co., Ltd.*,
No. 08-4827 (DMC), 2009 WL 2169243 (D. N.J. July 21, 2009) .........................................2

*In re Toyota Hybrid Brake Litigation*,
No. 4:20-cv-00127 (E.D. Tex.)..............................................................................................9

*United States v. Norris*,
No. 03-cr-0632 (E.D. Pa.) ...................................................................................................10

*In re Vanguard Chester Funds Litig.*,
625 F.Supp. 3d 362 (E.D. Pa. Sept. 1, 2022) .....................................................................12

*In re Vascepa Antitrust Litig. Indirect Purchaser Plaintiffs*,
3:21-cv-12061-ZNQ-LHG (D.N.J.).....................................................................................10

**Rules**

Federal Rules of Civil Procedures, Rule 23 ................................................................1, 3, 4, 11

Federal Rules of Civil Procedures, Rule 42 ........................................................................1, 2, 3

Local Rule of Civil Procedure 7.1.1 ...........................................................................................5

**Other Authorities**

MCL, § 10.221 ....................................................................................................................10, 11

MCL § 21.11 ..................................................................................................................................3

MCL § 21.272 ..............................................................................................................................12

Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D.
340, 417 (2002)....................................................................................................................10

Plaintiffs Mirlinda Elmazi and Yvonne Peychal (collectively, "Plaintiffs") respectfully move this Court for an order consolidating the above-captioned cases (together, the "Actions") pursuant to Fed.R.Civ.P. 42(a) and appointing Kellie Lerner of Robins Kaplan LLP and Kimberly Justice of Freed Kanner London & Millen LLC as Interim Co-Lead Class Counsel and Michael D. Fitzgerald as Liaison Counsel, for the proposed classes of End-User Plaintiffs ("EUPs") who bought products containing Defendants' Fragrances and Fragrance Ingredients for end use and not for resale ("EUP Classes"). Ms. Lerner and Ms. Justice along with Mr. Fitzgerald are "best able to represent the interests of the class" under Federal Rule of Civil Procedure 23(g)(2) because combined, they have: unsurpassed knowledge and experience in antitrust law and the type of indirect-purchaser issues at issue here; the support of all the EUPs and their counsel that have filed cases in this District; collaboratively worked together to investigate and advance the litigation; and the extensive resources needed to prosecute the case.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Defendants are the world's largest manufacturers of fragrance ingredients and compounds. In March 2023, competition authorities in the United States, Switzerland, United Kingdom, and European Union announced they were investigating Defendants for anticompetitive conduct with respect to fragrances and fragrance ingredients. Plaintiffs seek to represent putative classes consisting of persons who purchased products containing Defendants' fragrance or fragrance ingredients sold in the United States since January 1, 2018. Plaintiffs assert claims based on Defendants' allocation of customers and fragrance ingredients with the effect of raising or maintaining prices of fragrances and fragrance ingredients. There are currently at least two pending cases asserting claims against Defendants on behalf of EUPs: Case No. 2:23-CV-16127, ECF No.1 and Case No. 2:23-CV-16242, ECF No. 1 (the "Actions").

## II. <u>ARGUMENT</u>

### A.    The Actions Should Be Consolidated For All Purposes

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Manual For Complex Litigation § 11.631 (4th ed. 2004), at pp. 121-22 (2004) ("MCL"); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. Nov. 4, 1998); *Salem Steel North America, LLC v. Shanghai Shangshang Stainless Steel Pipe Co., Ltd.*, No. 08-4827 (DMC), 2009 WL 2169243, at *2-3 (D. N.J. July 21, 2009); *In re Metformin Marketing and Sales Practices Litig.*, No. 20-2324 (MCA) (MAH), 2020 WL 9397553, at *3-4 (D. N.J. Sept. 30, 2020). Subdivision (a) of this rule relating to consolidations of actions for trial was designed to encourage consolidations where possible by granting broad discretion to courts. *See Hailey v. City of Camden*, 631 F.Supp. 2d 528, 553 (D. NJ. Apr. 29, 2009); *ACR Energy Partners, LLC v. Polo North Country Club, Inc.*, 309 F.R.D. 193, 194 (D. N.J. Aug. 21, 2015) ("Under Federal Rules of Civil Procedure 42(a), district courts have broad power to consolidate cases that share common question[s] of law or fact") (internal citations and quotations omitted).

Courts have recognized that putative class actions are particularly well-suited for consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, minimizes redundancies, eliminates the threat of inconsistent rulings, avoids the need to contact parties and witnesses for multiple proceedings and reduces the expenditures of time and money for all parties involved. *See In re Packaged Seafood Products Antitrust Litig.*, 148 F.Supp.3d 1375, 1377 (J.P.M.L. 2015) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary"); *In re Daily Fantasy Sports Marketing and Sales Practices Litig.*, 158 F.Supp. 3d 1375, 1379 (J.M.P.L. 2016); *In re Monitronics Intern., Telephone Consumer Protection Act Litig.*, 988 F.Supp. 2d 1364, 1366 (J.P.M.L. 2013). Consolidating class action suits

2

simplifies pretrial and discovery motions, class action disputes, and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related putative class actions separately. *Id.*

The Actions allege claims on behalf of end-user purchasers of products containing fragrances and fragrances ingredients. The Actions name the same defendants and involve substantially similar factual and legal issues. As noted above, consolidation is appropriate where—as here—there actions involve common questions of law or fact. Fed. R. Civ. P. 42(s). Given the substantial overlap on the factual and legal issues presented in the Actions, that test is met here and, accordingly, the Actions should be consolidated.

### B.   Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative End-User Plaintiffs Classes.

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are multiple class actions pending, appointment of interim class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11.

Among the early tasks that will be aided by appointment of Interim Co-Lead Class Counsel are the filing of a consolidated EUP complaint, defending that complaint against Defendants' anticipated motions to dismiss, and negotiating pre-trial orders, such as a protective order and discovery protocol. Later on, EUP Interim Co-Lead Class Counsel will conduct fact and expert discovery, move for class certification, seek or defend against summary judgment, and try the case.

All the while, Interim Co-Lead Class Counsel will be responsible for any potential settlements with one or more Defendants.

The prosecution of the Actions will benefit from this leadership structure, and both the Court and Defendants will benefit from knowing one set of lawyers will represent all the End-User Plaintiffs and the putative classes. Accordingly, counsel engaged in private ordering, as encouraged by the Manual for Complex Litigation discussed below, and reached a consensus view regarding the proposed leadership structure.

### C. Proposed Interim Co-Lead Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Classes.

Federal Rule of Civil Procedure 23(g)(1) outlines the factors courts must consider in appointing lead counsel at the time the class is certified. These criteria, which apply equally to the appointment of interim class counsel before certification (*see* Fed. R. Civ. P. 23(g)(3)), are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the classes. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Collectively, Ms. Lerner and Ms. Justice: (a) have taken significant steps to identify and investigate potential claims; (b) possess extensive experience in indirect purchaser antitrust class actions; (c) have a proven track record of effectively and efficiently spearheading this type of litigation in numerous challenging cases; and (d) are supported by all EUPs and their counsel that have filed individual actions in this District. Application of the above legal criteria strongly favor their appointment here.

      **1.     Proposed Interim Co-Lead Class Counsel Have Devoted Significant Time and Resources to Identifying and Investigating the Claims.**

Moving Counsel invested significant time and resources into this litigation, including, among other things: conducting an investigation before drafting and filing the complaints in the EUP actions. Such investigation included: investigation of the fragrances and fragrance ingredients markets; analyzing the defendants' fragrance products, including their chemical composition; analyzing the market structure and how such goods are manufactured and flow to the proposed end-user purchaser classes; reviewing and analyzing defendants' public disclosures and statements; and analyzing and monitoring of the on-going government investigations. Moving Counsel are committed to efficiently running this litigation and to that end have created a time and expense protocol, which includes caps for certain tasks such as document review and are amenable to providing the Court with *in camera* submission of time records whenever the Court would like. Further, consistent with Local Rule of Civil Procedure 7.1.1, Moving Counsel represent that their case is not being underwritten by litigation funders, and therefore, they are not beholden to any outside interest.

      **2.     The Proposed Interim Co-Lead Class Counsel Have Extensive Complex Class Action Experience.**

Ms. Lerner and Ms. Justice are best suited to lead the proposed EUP Classes. Both have an extensive track record of litigating antitrust class actions on behalf of indirect purchasers in multistate damages, with extraordinary results.

      **a)     Ms. Lerner of Robins Kaplan**

Robins Kaplan brings 80 years of litigation experience to its representation of corporate, government, and individual parties on both sides of the courtroom and has obtained over \$15 billion in recoveries for its antitrust clients. Robins Kaplan is a firm of 250 attorneys in eight major cities, including New York, Los Angeles, Minneapolis, Silicon Valley, Boston, Sioux Falls and Bismarck.

Members of the firm hail from diverse backgrounds and include some of the nation's leading practitioners.

Robins Kaplan has litigated numerous major cases on behalf of victims of international conspiracies to fix prices. Robins Kaplan serves as co-lead counsel on behalf of the end payer class in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.), a sprawling multidistrict litigation involving 41 separate component part class actions and over 150 defendants, many of whom are located abroad. Robins Kaplan has obtained $1.2 billion in settlements for the class, the second-largest indirect purchaser recovery in U.S. history. In *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.), the firm obtained settlements on behalf of Best Buy against television parts manufacturers Chunghwa Picture Tubes, Samsung, and others in multidistrict litigation alleging a conspiracy to fix the prices of TV and computer monitor components. *See* Declaration of Kellie Lerner in Support of Plaintiffs' Motion ("Lerner Decl.") Ex. 1. at 6.

Robins Kaplan has successfully litigated other complex antitrust class actions. In *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.), Robins Kaplan pursued an innovative theory that Visa's and Mastercard's interchange fee structure and rules are anticompetitive, resulting in overcharges to 10 million merchants. Recently, the United States Court of Appeals for the Second Circuit unanimously upheld the district court's order giving final approval of a $5.6 billion settlement on behalf of U.S. merchants. It is the largest known settlement of an antitrust class action under the Sherman Act. In October of 2022, Robins Kaplan finalized settlements in excess of $118 million on behalf of U.S. contact lens purchasers, resolving an expansive antitrust class action against the four dominant manufacturers and the largest nationwide distributor of contact lenses. *In re Disposable Contact Lens Antitrust Litig.*, 15-md-02626 (M.D. Fla.). Lerner Decl. Ex. 1 at 6.

The quality of Robins Kaplan's legal work is reflected in its accolades as well as its results. The American Antitrust Institute honored Robins Kaplan for "Outstanding Antitrust Litigation Achievement in Private Law Practice" for its leadership of the end purchaser class in *Automotive Parts*. *Chambers USA* has ranked Robins Kaplan in the first band nationally for its plaintiffs' antitrust work each year since 2014 and stated that Robins Kaplan's Antitrust and Trade Regulation Practice Group "[r]eceives widespread praise for its capabilities in all types of antitrust matters but has achieved particularly significant success on behalf of plaintiff clients" and "[d]emonstrates considerable trial experience." Lerner Decl. Ex. 1 at 11. Robins Kaplan's attorneys who will be litigating this case have the knowledge and experience to represent the proposed class of End Users, having served in leadership positions in numerous major antitrust cases, including those involving indirect purchasers. *See, e.g., In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich.) (obtained more than $1.2 billion in settlements for victims of a massive web of long-running price-fixing, bid-rigging, and market allocation conspiracies throughout the auto parts industry as court-appointed co-lead counsel); *In re Interior Molded Doors Indirect Purchaser Antitrust Litigation*, 18-cv-00850 (E.D. Va.) (secured a $19.5 million class settlement in a price-fixing litigation brought by indirect purchasers of interior molded doors against the industry's two leading manufacturers as court-appointed co-lead counsel); *BCBSM, Inc. v. Vyera Pharmaceuticals*, LLC et al., 1:21-cv-01884 (S.D.N.Y.) (reached settlement worth up to $28 million for victims who were overcharged because of alleged monopolization of life-saving drug Daraprim); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 22-cv-2798 (N.D. Cal.) (currently serve as court-appointed co-lead counsel for proposed class of end-user plaintiffs who purchased products containing hard disk drive suspension assemblies that were the subject of an

alleged price-fixing conspiracy). Lerner Decl. Ex. 1 at 6-9. **Kellie Lerner** will have primary responsibility over this litigation at Robins Kaplan.

Ms. Lerner has two decades of experience prosecuting class actions in federal courts throughout the country. She has worked on a number of groundbreaking cases, including serving as a member of the trial team in *In re Abbott Labs Norvir Antitrust Litigation,* No. 04-cv-1511 (N.D. Cal.), where she helped secure a $10 million settlement that included payments to non-profit organizations serving individuals with HIV. Among other cases, Ms. Lerner led the teams to achieve settlements in *County of Monmouth, New Jersey v. Florida Cancer Specialists PL et al.*, 18-cv-00201 (M.D. Fla.) (secured a settlement of $7.2 million in a class action complaint against a Florida cancer treatment center and its president for alleged monopolization of oncology services in Southwest Florida) and *BCBSM, Inc. v. Vyera Pharmaceuticals, LLC et al.*, 1:21-cv-01884 (S.D.N.Y.). Lerner Decl. Ex. 1 at 14. Ms. Lerner currently serves as co-lead counsel in *In re Merck Mumps Vaccine Antitrust Litigation*, No. 12-cv-03555 (E.D. Pa.), a class action alleging Merck, the sole supplier of Measles-Mumps-Rubella vaccines, unlawfully excluded potential rival manufacturers from the market. Ms. Lerner has been recognized by *Chambers USA* in its first band of New York plaintiff-side antitrust lawyers every year since 2018. She was also recently recognized as *Euromoney's* "Antitrust and Competition Lawyer of the Year" (2023), *Who's Who Legal* "Leading Competition Lawyer" (2022), one of *Lawdragon's* "500 Leading Litigators in America" (2022) and as *Benchmark Litigation's* "Litigation Star" (2022-2023). *Id.*

### b)      Ms. Justice of Freed Kanner

Freed Kanner has a reputation as one of the most effective Plaintiffs' litigation firms in the nation, having secured billions of dollars in recoveries for the clients and classes it has represented. Indeed, Chambers USA recognized Freed Kanner as a "famous class action firm," ranking it year in and year out as one of the nation's top Plaintiffs' class action antitrust firms. Additionally, its

8

attorneys have undertaken co-lead, executive, or steering committee roles in class action litigation throughout the United States that have resulted in significant class recoveries, including two of the three largest civil antitrust settlements ever obtained in the Seventh Circuit. *See* Lerner Decl., Ex. 2 (Freed Kanner Firm Resume).

Freed Kanner partner Kimberly A. Justice will lead the Freed Kanner team with respect to this litigation. Ms. Justice routinely leads major cases against the largest defendants and is frequently brought in by co-counsel to provide high-level strategic and trial advice. Lerner Decl. Ex. 2 at 17. Ms. Justice has extensive experience litigating class actions and has been personally appointed to numerous leadership positions. For example, Ms. Justice was appointed as interim co-lead counsel in *In re Peanut Farmers Antitrust Litigation*, No. 2:19cv463-HCM-LRL (E.D. Va.), which recently settled for $102.75 million.  Ms. Justice currently serves as interim lead counsel in *Murphy, et al. v. Toyota Motor Corporation*, et al., No. 4:21-cv-00178-ALM (E.D. Tex.).  Courts also have appointed Ms. Justice to Plaintiff Steering/Executive Committees in the following matters: *In re German Automotive Manufacturers Antitrust Litigation*, No. 17-md-02796 (N.D. Cal.); *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements for direct purchaser plaintiff class); *In re Local TV Advertising Antitrust Litigation*, No. 18-cv-06785 (N.D. Ill. Jan. 23, 2019) ($48 million in settlements provisionally approved to date); *In re Farm-Raised Salmon & Salmon Products Litigation*, No. 19-cv-21551 (S.D. Fla.) ($85 million in settlements for direct purchaser plaintiff class); and *In re Toyota Hybrid Brake Litigation*, No. 4:20-cv-00127 (E.D. Tex.). These representative appointments illustrate the respect Ms. Justice has earned from her peers and the judiciary alike, and her commitment to prosecuting the rights of those harmed by corporate fraud.

Prior to entering private practice, Ms. Justice served as a federal antitrust prosecutor for nearly a decade where she led teams of trial attorneys and law enforcement agents who investigated and prosecuted domestic and international cartel activity, including in the following industries: graphite electrodes, carbon products, ocean shipping and benchmark interest rates (LIBOR). Lerner Decl. Ex. 2 at 17.  In addition, Ms. Justice tried to guilty verdict the Antitrust Division's case against the first British national extradited by the Division.  *See United States v. Norris*, No. 03-cr-0632 (E.D. Pa.).

### D.     A Two-Firm Structure is Beneficial for Plaintiffs and Putative Classes Members.

The complexity of this litigation supports the appointment of two firms as interim lead counsel. Leading commentators and the Manual for Complex Litigation advise: "court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* MCL, § 10.221 (noting benefit to having multiple lead counsel in large class action cases). For these reasons, federal district courts frequently approve multi-firm leadership structures in complex class actions. *See, e.g., Liquid Aluminum Sulfate Antitrust Litig.*, 16-md-0267 (D.N.J.); *In re Lipitor Antitrust Litig.*, 3:12-cv-02389 (D.N.J.); *In re Vascepa Antitrust Litig. Indirect Purchaser Plaintiffs*, 3:21-cv-12061-ZNQ-LHG (D.N.J.).

Plaintiffs bring multistate antitrust and consumer protection claims for damages on behalf of EUPs against multiple defendants. The case will involve substantial factual development, wide-ranging discovery, extensive econometric analyses, and complex, cutting-edge legal issues. Appointment of co-lead counsel with extensive experience will ensure that this case is litigated efficiently, while not overstaffing projects or duplicating efforts. Their resources, trial practice, and

work in identifying and asserting these end-user claims makes for an ideal partnership and will ensure effective representation for the proposed EUP Classes.

### E. Interim Liaison Counsel: Michael D. Fitzgerald (The Law Offices of Michael D. Fitzgerald)

Liaison counsel may be appointed to assist with administrative and other matters. *See In re Royal Dutch/Shell Transport Securities Litig.*, No. 04-374 (JAP), 2008 WL 1787032, at *8 (D. N.J. Apr. 17, 2008) ("Typically, Courts appoint liaison counsel to act on behalf of other counsel and parties"). Liaison counsel is generally responsible, together with interim lead counsel, for "communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." MCL § 10.221, at 24-25.

Michael D. Fitzgerald is a seasoned litigator with many decades of experience litigating class actions. *See, e.g.*, *VIOXX Product Liability Litigation*, MDL-1657 (E.D. La.); *National Prescription Opioid Litigation*, MDL-2804 (N.D. Ohio); *JUUL Labs, Inc*, MDL-2913 (N.D. Cal.); *CHANTIX Consumer Litigation*, MDL-3040, (S.D.N.Y.); *County of Monmouth, New Jersey v. Florida Cancer Specialists PL et al.*, 18-cv-00201 (M.D. Fla.). Mr. Fitzgerald has also litigated class actions in this District and a prior civil action before this Court. *See, e.g., In re PLAVIX Product Liability & Marketing Litigation*, 3:11-cv-06476- FLW-TJB (D.N.J.); *Buck v. Township of Neptune*, 2:99-cv-04156 WJM-RJH (D.N.J.). As such, he possesses the requisite skill and experience to be appointed Liaison Counsel on behalf of the EUP Classes under Rule 23(g).

### F. Counsel for Commercial Indirect Purchasers Support A Separate Leadership Structure for End User Plaintiffs.

All firms that filed End User cases in this litigation support this application. The unanimous support of counsel in end-user cases for the joint appointment of Ms. Lerner and Ms. Justice reflects

the type of private ordering that the *Manual for Complex Litigation* endorses. *See* MCL § 21.272 (noting that "[b]y far the most common [method for selecting class counsel] is the so-called 'private ordering' approach"); *In re Vanguard Chester Funds Litig.*, 625 F.Supp. 3d 362, 370 (E.D. Pa. Sept. 1, 2022) (accepting the private ordering of plaintiffs and recognizing the importance of the support of other plaintiffs and law firms in appointing lead counsel). The joint appointment of these two nationally-recognized antitrust lawyers here also is consistent with regular practice for major antitrust litigation by courts in this District.

The EUPs respectfully submit that the EUP class should be separately represented from both the direct purchaser class actions as well as the commercial indirect purchaser class actions (Commercial Indirect Purchasers).[1] The proposed EUP class will seek to demonstrate that Defendants' alleged conspiracy damaged them in the form of overcharges that were passed through to them in the chain of distribution in their purchases of finished consumer products. Courts have repeatedly appointed distinct leadership groups for consumer and commercial indirect purchaser classes in the antitrust class action context in recognition of the unique challenges and opportunities involved in proving the claims of each indirect purchaser group. *See, e.g., In re: Packaged Seafood Products Antitrust Litigation,* Case No. 15-md-02670-DDMS-MSB, ECF No. 119 (S.D. Cal. Mar. 24, 2016) (appointing separate lead counsel for direct purchaser plaintiffs, commercial food preparer plaintiffs, and end-payor plaintiffs); *In re: Pork Antitrust Litigation*, Case No. 18-CV-1776, ECF Nos. 149, 150, 151 (D. Minn. Oct. 15, 2018) (appointing sperate lead counsel for direct purchaser plaintiffs, commercial and institutional indirect purchaser plaintiffs, and consumer indirect purchaser plaintiffs). Thus, it is critical for each proposed indirect purchaser class to be represented by counsel who will fairly and adequately represent them. Proposed Interim Co-Lead Counsel for the

---

[1] *See* Civil Actions 23-3249 (WJM) (JSA) and 23-3547 (WJM) (JSA), consolidated as *In re Fragrance Indirect Purchaser Antitrust Litig.*, No. 23-3249 (WJM) (JSA).

Commercial Indirect Purchasers do not oppose the appointment of separate co-lead counsel for the EUPs.

III.   **CONCLUSION**

Plaintiffs respectfully request that this Court enter an order consolidating the related End-User Plaintiff actions and appointing Kellie Lerner of Robins Kaplan and Kimberly Justice of Freed Kanner as Interim Co-Lead Class Counsel for the proposed End-User Plaintiffs Classes.

Dated: September 6, 2023

By: */s/ Kellie Lerner*
Kellie Lerner
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 980-7400
klerner@robinskaplan.com

William V. Reiss (filing *pro hac* shortly)
Benjamin D. Steinberg (filing *pro hac* shortly)
Ellen G. Jalkut (filing *pro hac* shortly)
Jordan B. Finkel (filing *pro hac* shortly)
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 980-7422
wriess@robinskaplan.com
bsteinberg@robinskaplan.com
ejalkut@robinskaplan.com
jfinkel@robinskaplan.com

By: */s/ Kimberly A . Justice*
Kimberly A. Justice
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
Fax: (233) 632-4521
kjustice@fklmlaw.com

By: */s/ Michael D. Fitzgerald*
Michael D. Fitzgerald
**LAW OFFICES OF MICHAEL D. FITZGERALD**
1 Industrial Way West, Unit B
Eatontown, NJ 07724
P.O. Box 1067
Oakhurst, NJ 07755
(202) 349-1482
mdfitz@briellelaw.com