UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No.: 23-02174(WJM)(JSA) |
| IN RE FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No. 23-03249(WJM)(JSA) |
| IN RE FRAGRANCE END-USER PLAINTIFF ANTITRUST LITIGATION | Civil Action No. 23-16127(WJM)(JSA) |

## **CONFIDENTIALITY ORDER**

The Parties have agreed to the terms of this Confidentiality Order (hereinafter "Order"); accordingly,

IT IS THIS 5th day of May, 2025

ORDERED as follows:

1.  Definitions.

    (a) "Actions" means the above captioned cases, and any and all cases coordinated or consolidated with them.

    (b) "Challenging Party" means any Party that challenges the designation of information or items under this Order.

    (c) "Designating Party" means any Party or non-Party that has a valid confidentiality interest in Discoverable Information and designates such Discoverable Information as Protected Material in accordance with this Order.

(d) "Discoverable Information" means all materials produced or adduced in the course of discovery, including Documents, ESI, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom.

(e) "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(l)(A).

(f) "ESI" or "Electronically Stored Information" shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(1)(A).

(g) "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are associated with a law firm that has appeared on behalf of that Party.

(h) "Party" (plural, "Parties") means any Party to the Actions including all of a Party's officers, directors, employees, consultants, retained experts, and Outside Counsel, and their support staff.

(i) "Producing Party" means any Party or non-Party who produces Discoverable Information in the Actions.

(j) "Protected Material" means any Discoverable Information that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

(k) "Receiving Party" means a Party in the Actions to whom Discoverable Information is produced.

2. **SCOPE.** This Order shall govern the use of material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced during discovery in the Actions, including, among other things, Documents, pleadings, testimony,

deposition exhibits, interrogatory responses, and admissions. For purposes of this Order, the Designating Party bears the burden of establishing the confidentiality of all such Protected Material. All Protected Material exchanged or received pursuant to this Order shall be used by the Receiving Parties solely for purposes of the Actions, shall not be used by the Receiving Parties for any other purpose, and shall not be disclosed by the Receiving Parties to anyone other than those Qualified Persons set forth in Paragraphs18-19. Nothing herein shall restrict a recipient permitted to receive Protected Material from making working copies, abstracts, digests and analyses of such Protected Material for use in connection with the Actions, but such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order as the Protected Material to which they pertain. Further, nothing herein shall restrict a Qualified Person from converting or translating such information into machine-readable form for incorporation in a data retrievable system used in connection with the Actions, provided that access to such information, in whatever form stored or reproduced, shall be limited to Qualified Persons.

3. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to Protected Material.

4. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Protected Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose any item so designated to their clients except pursuant to the procedures and terms set forth in this Order.

5. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, privilege, admissibility or discoverability of the Discoverable Information produced pursuant hereto.

6. Nothing contained in this Order shall (i) affect any Party's or person's right to object to any discovery request, including but not limited to the right to assert that no discovery should be had of certain Documents or information, or to assert any privilege, immunity, protective doctrine, or the work-product doctrine or (ii) require the production of any information or communication that a Party contends is protected from disclosure by any privilege, immunity, protective doctrine or the work-product doctrine.

7. **<u>DEFINITION OF "CONFIDENTIAL" INFORMATION.</u>** For purposes of this Order, "Confidential" Information shall mean all material (regardless of how it is generated, stored, or maintained) that the Designating Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c), (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information, defined as Social Security Numbers, driver's license or other identification numbers, financial account numbers, passwords, or sensitive personal health information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the Actions. Any copies or reproductions, excerpts, summaries or other Documents or media that contain "Confidential" Information as defined above shall also be treated as "Confidential" Information pursuant to this Order.

8. Public records and other information or Documents that are publicly available may not be designated "CONFIDENTIAL."

9. **DEFINITION OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION.** For purposes of this Order, "Highly Confidential – Attorneys' Eyes Only" Information shall mean "Confidential" Information of a highly sensitive nature when it contains competitively sensitive information such as non-public proposed or actual pricing or other contract or sales terms, sales and inventory data or strategic planning information, the disclosure of which information would, in the good-faith opinion of the Designating Party, adversely affect the Designating Party's business, commercial or financial interests or be reasonably likely to cause competitive injury to the Designating Party, or other categories of information which the Parties agree in writing should be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm. Any copies or reproductions, excerpts, summaries or other Documents or media that contain "Highly Confidential – Attorneys' Eyes Only" Information as defined above shall also be treated as "Highly Confidential – Attorneys' Eyes Only" Information pursuant to this Order.

10. Protected Material shall not include information that has been publicly disclosed by any Party prior to the date hereof, or that has been or is as of the date hereof generally available to the public, or that becomes generally available to the public after the date hereof as a result of disclosure by the Designating Party. Nothing in this Order shall impose any restriction on the use or disclosure by a Party of its own Documents or information.

11. **MARKING DOCUMENTS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** The Designating Party shall designate, as

appropriate, Protected Material by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of each Document that contains Protected Material. Any such stamp or designation shall not in any manner cover up, overlap, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the Document.

12. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, designation of Protected Material shall be made before, or at the time of, production or disclosure.

13. The inadvertent or unintentional disclosure of Discoverable Information that should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether the Discoverable Information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim that it is "Confidential" Information or "Highly Confidential – Attorneys' Eyes Only" Information, either as to the specific Discoverable Information disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within twenty-one (21) days from discovery of the error. Such notice shall constitute a designation of the Discoverable Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

14. **DESIGNATING DEPOSITIONS AS PROTECTED MATERIAL.** With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" on the record at the deposition or by serving such designations within 30 days after receipt of the final transcript of the deposition in which such Protected Material is disclosed. All deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for 30 days following receipt of the final transcript. The use of a Document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15. **GOOD-FAITH BELIEF.** The Parties and their counsel shall only designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order when they believe, in good faith, that the material contains information properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as defined above. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly (within fourteen (14) days) notify all other Parties that it is withdrawing or amending the mistaken designation.

16. **NO OBLIGATION TO OBJECT.** No Receiving Party shall be under any obligation to object to the designation of any Document at the time such designation is made or at any time thereafter. No Receiving Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. **USE OF PROTECTED MATERIAL.** All Protected Material shall be used solely for the purpose of the Actions, and no person receiving such Protected Material shall, directly or indirectly, transfer, use, disclose, or communicate in any way the contents of the Protected Material to any person other than those permitted in Paragraphs 18-19. Prohibited purposes include, but are not limited to, use in any litigation or proceeding other than in the Actions or for competitive

purposes. Each Party must make reasonable efforts to protect the confidentiality of any Protected Material disclosed or produced to that Party. A Party who learns of a breach of confidentiality must immediately use its best efforts to remedy the breach, must promptly (and in no event later than five (5) business days after discovery) notify the Producing Party of the scope and nature of that breach, must inform the persons to whom unauthorized disclosures were made of all the terms of this Order, and must request such persons to execute the Certification that is attached hereto as Exhibit A.

      18.    **<u>DISCLOSURE OF "CONFIDENTIAL" INFORMATION.</u>** "Confidential" Information may be disclosed only to the following Qualified Persons:

      (a)    **the Court**, including employees, judges, secretaries, special masters appointed in the Actions, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

      (b)    **the Parties**, including in-house counsel and any director, officer, or employee involved in the prosecution or defense of the Actions for Parties which are not natural persons;

      (c)    **Outside Counsel for the Parties**, including all partners and associate attorneys of such Outside Counsel's law firms who are assisting in the conduct of the Actions, as well as any other counsel and support personnel of such counsel who may be assisting Outside Counsel for the Parties in the Actions, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

(d) **litigation support services vendors**, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

(e) **consulting or testifying experts**, including associated personnel necessary to assist experts in the Actions;

(f) **persons who created, authored, received, reviewed, or are referenced** in the "Confidential" Information, or are reasonably believed in good faith to meet these criteria or to otherwise know the information sought to be protected;

(g) **persons from whom deposition testimony is taken or is scheduled to be taken in the Actions**, provided that counsel who discloses "Confidential" Information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of the Actions, and subject to the terms set forth in this Order regarding the use of "Confidential" Information in depositions;

(h) **auditors and insurers of the Parties**;

(i) **any mediators or arbitrators**, including their necessary staff, engaged by the Parties or appointed in the Actions by the Court for settlement purposes;

(j) any person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

19. **DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION.** "Highly Confidential – Attorneys' Eyes Only" Information may be disclosed only to the following Qualified Persons:

    (a) **the Court**, including employees, judges, magistrates, secretaries, special masters appointed in the Actions, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

    (b) **In-house counsel for the Parties** (or, if a corporate named plaintiff does not have in-house counsel, one designated executive or officer[1] who is responsible for the Actions) to whom disclosure is reasonably necessary for this litigation;

    (c) **Outside Counsel for the Parties**, including all partners and associate attorneys of such Outside Counsel's law firms who are assisting in the conduct of the Actions, as well as any other counsel and support personnel of such counsel who may be assisting Outside Counsel for the Parties in the Actions, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

    (d) **litigation support services**, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

    (e) **consulting or testifying experts**, including associated personnel necessary to assist experts in the Actions to whom disclosure is reasonably necessary;

---

[1] The executive or officer responsible for the Actions must be designated and disclosed to the Parties, and must complete the Certification attached as Exhibit A, before any "Highly Confidential-Attorney's Eyes Only" Information is disclosed.

(f) **persons who created, authored, received, reviewed or are referenced** in the "Highly Confidential – Attorneys' Eyes Only" Information, or are reasonably believed in good faith to meet these criteria;

(g) **persons from whom deposition testimony is taken or is scheduled to be taken in the Actions,** provided that counsel who wishes to disclose "Highly Confidential – Attorneys' Eyes Only" Information to the witness: (1) determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of the Actions, and (2) has reason to believe that the witness has previously seen or received the Document or the information in the Document sought to be protected. The use of the information during the deposition shall be subject to the terms set forth in this Order regarding the use of "Highly Confidential – Attorneys' Eyes Only" Information in depositions;

(h) **any mediators or arbitrators**, including their necessary staff, engaged by the Parties or appointed in the Actions by the Court for settlement purposes; and

(i) **any person as may be authorized by written agreement** by the Designating Party or by order of the Court.

20. Any person subject to this Order who discloses Protected Material to a Qualified Person shall take all necessary steps to ensure that all Qualified Persons receiving Protected Material abide by the terms of this Order and maintain it in a protected and secure manner, with access restricted at all times to Qualified Persons.

21. **FOREIGN DATA PRIVACY LAWS.** "Foreign Private Data" shall mean any personal or private information that a Producing Party believes in good faith to be subject to foreign (*i.e.*, non-U.S.) data protection laws or other foreign privacy obligations, including without limitation: the Directive 95/46/EC of the European Parliament and the Council of 24 October 1995

on the protection of individuals with regard to the processing of personal data and on the free movement of such data (the "EU Data Protection Directive"); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data ("General Data Protection Regulation" or "GDPR"); the United Kingdom Data Protection Act 2018; the German Federal Data Protection Act (Bundesdatenschutzgesetz – BDSG); the German Telecommunications Act (Telekommunikationsgesetz – TKG); Switzerland's Federal Act on Data Protection of 19 June 1992 ("FADP"); and Switzerland's new Federal Act on Data Protection of 25 September 2020 ("nFADP") and its ordinances.  If any Producing Party is called upon to produce Discovery Material in the Actions that contains Foreign Private Data, such Producing Party may designate such Discovery Material as "CONFIDENTIAL" under the terms of this Order.

22.    Other than as permitted by this Order or the ESI Order, no redaction or withholding of Discoverable Information is permitted except as provided by agreement of the Parties or Court order.  The Parties are prohibited from redacting the names, positions, titles, or professional contact information of relevant current or former employees of any Defendant or third parties identified in relevant, responsive Documents, data, or information produced in discovery in the Actions. Notwithstanding the foregoing, the Parties are permitted to redact highly sensitive personal information that is objectively irrelevant to the Actions. Any such redactions should indicate on the face of the Document that the redaction is made for highly sensitive personal information.

23.    **CERTIFICATION OF CERTAIN QUALIFIED PERSONS.**  Outside Counsel for each Party shall be responsible for obtaining from each Qualified Person to whom that Party discloses Protected Material, except the persons identified in ¶¶ 18 (a), (b), (c), and (f) or in ¶¶ 19

(a), (b), (c), and (f), above, a Certification in the form annexed hereto as Exhibit A before Protected Material is disclosed to such person. An agreement on the record at a deposition to abide by the terms of this Order shall be equally binding as a Certification for persons identified in ¶¶ 18(g) and 19(g). The original of the executed Certification shall be retained by counsel disclosing Protected Material to such person.

24. **CHALLENGING PROTECTED MATERIAL DESIGNATIONS.** A Party objecting to designation of any material as Protected Material shall give written (email or letter) notice to the Designating Party. Upon receipt of the written objection, counsel for the Designating Party shall, within fourteen (14) days, provide a written response to the Challenging Party explaining the basis for the designation. The Parties shall meet and confer in good faith to attempt to resolve any dispute without resort to Court intervention. If the Challenging Party and the Designating Party cannot resolve a dispute through such meet-and-confer discussions and the Challenging Party elects to seek judicial intervention, the Challenging Party shall present the dispute to the Court by letter, in accordance with Local Civil Rule 37.1(a)(1). The Document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

(a) In the event the Court rules that challenged material was incorrectly designated, the Designating Party shall reproduce copies of all such materials so designated without the overruled designation at the Designating Party's expense within five (5) business days of the Court's order so ruling.

(b) Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

13

25. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL.** The production of any Discoverable Information in the Actions shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the Producing Party either in the Actions or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any Discoverable Information protected by the attorney-client privilege or work-product protection is discovered by or brought to the attention of the Producing Party, the treatment of such Discoverable Information shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the Producing Party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any Discoverable Information that is subject to a claim of attorney-client privilege or work-product protection. Notwithstanding the foregoing, to the extent that a Document is used in a deposition, relied on in an expert report, or submitted as an exhibit to a Court filing in the Actions ("Used Document"), and the Designating Party does not notify each Receiving Party in writing of the production within 21 days after its "use," any such Used Document should be subject to the protections and requirements of Federal Rule of Evidence 502(b).

26. **SUBPOENA FOR PROTECTED MATERIAL.** If any Party has received Protected Material under the terms of this Order and receives a request to produce such Protected Material by subpoena or other compulsory process commanding the production of such information, unless barred by law, such Party shall, as soon as practical, but in any event within

three (3) business days of receipt of the subpoena or other compulsory process: (a) provide a copy of the subpoena (or other form of process) to the Designating Party; (b) provide a copy of this Order and notice in writing to the subpoenaing or requesting Party that some or all of the material covered by the subpoena or other compulsory process is subject to this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or other compulsory process shall not produce any information designated in the Actions as Protected Material before a determination by the court from which the subpoena or other compulsory process issued, unless the Party has obtained the Designating Party's permission. Nothing herein shall be construed as authorizing or encouraging a Party receiving a subpoena or other compulsory process to disobey a lawful directive from another court.

27. **FILING PROTECTED MATERIAL.** The Parties acknowledge that the designation of information as Protected Material, standing alone, creates no entitlement to file Protected Material permanently under seal. Unless the Designating Party consents in advance to the filing of a Document containing Protected Material on the public docket, a Party filing any Document containing or otherwise revealing the content of Protected Material must comply with L. Civ. R. 5.3. The Protected Material subject to the motion to seal shall be electronically filed under seal as "Confidential" Information or "Highly Confidential – Attorneys' Eyes Only" Information and shall remain sealed until the motion to seal is decided. Protected Material shall not lose its confidential status solely because it is used in any Court proceeding in the Actions.

28. **TRIAL OR HEARING(S).** In the event that the Actions proceed to trial or any hearing, and should the need arise for any Party to disclose Protected Material, including through argument or the presentation of evidence, such Party may do so only after giving written (email or

15

letter) notice to the Designating Party and as directed by the Court. In the event a Party's unintended need to disclose Protected Material during a trial or hearing arises, the Party shall orally advise the Designating Party during such trial or hearing, and state on the record, that the Party desires to disclose Protected Material. The Designating Party shall be provided reasonable time to seek relief from the Court.

29. **CONTINUING APPLICABILITY.** The obligations imposed by this Order shall survive the final adjudication of the Actions, and remain binding throughout, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs. Nothing in this Order shall be construed to contradict any provision of law. The Court retains jurisdiction even after termination of the Actions to enforce this Order and to make such amendments, modifications, deletions, and additions as the Court may deem appropriate.

30. **FINAL TERMINATION.** Within sixty (60) days of the termination of the Actions, including any and all appeals, counsel for each Party shall destroy or return to the Producing Party all Documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies and excerpts thereof, or shall destroy the same if the Receiving Party so elects. Notwithstanding the foregoing, Outside Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other Documents filed with the Court that refer to or incorporate Protected Material. Any other retained Protected Material, and the Outside Counsel retaining it, will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Protected Material need not be destroyed, but, if they are not destroyed, the persons in possession of the attorney

work-product materials will continue to be bound by this Order with respect to all such retained information.

31. **ADDITIONAL PARTIES**. In the event that a new Party is added, substituted, or otherwise brought into the Actions, this Order will be binding on and inure to the benefit of the new Party once that new Party has executed the Certification attached hereto as Exhibit A , subject to the right of the new Party to seek relief from or modification of this Order.

32. **PERSONS BOUND.** This Order shall take effect when entered and shall be binding upon all Outside Counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

33. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court (including but not limited to modification of the Order or seeking such further enhancing or limiting of confidentiality as may be appropriate), nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

34. **DISCRETION OF THE COURT.** The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order *sua sponte* at any time in the interests of justice or for public policy reasons.

**IT IS SO ORDERED:**

                                                        s/Jessica S. Allen
                                                        HON. JESSICA S. ALLEN, U.S.M.J.

Date: May 5, 2025.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION** | Civil Action No.: 23-02174(WJM)(JSA) |
| **IN RE FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION** | Civil Action No. 23-03249(WJM)(JSA) |
| **IN RE FRAGRANCE END-USER PLAINTIFF ANTITRUST LITIGATION** | Civil Action No. 23-16127(WJM)(JSA) |

## **CERTIFICATION**

In consideration of the disclosure to me of information which is subject to a Confidentiality Order in the above-captioned actions (the "Actions"), I certify as follows:

1. I have read the Confidentiality Order in the Actions, and I agree to comply with and be bound by its terms.

2. I understand that if I violate the terms of this Confidentiality Order, I may be subject to an enforcement proceeding before the United States District Court, District of New Jersey.

3. I agree to submit myself to the personal jurisdiction of the United States District Court, District of New Jersey in connection with any proceeding concerning the Confidentiality Order.

4. I solemnly promise that I will not disclose in any manner any Documents, copies of Documents, contents of Documents, or any other type of information designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" obtained pursuant to such Confidentiality Order to any person other than those specifically authorized by the Confidentiality Order. I shall not copy or use such Documents except for the purposes of the Actions and pursuant to the terms of the Confidentiality Order.

5. As soon as practical, but no later than thirty (30) days after termination of the Actions, I shall destroy or return to the attorney from whom I have received them, any Documents in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Documents.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____
　　　　　　　Signature

Printed Name: _____

Dated: _____